UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IN RE:
SAMUEL F. WORRELL                                              Case No.:21-20622-PDR
Debtor                                                                      Chapter 13

**DEBTOR'S RENEWED OBJECTIONS,
TO SHORT-FUSED RUSHED SCHEDULING OF EVIDENTIARY HEARING,
BEFORE DEBTOR IS SERVED, CAN PAROLE ITS EVIDENCE,
OR READY TO PROVE ITS CASE**

The Debtor, SAMUEL F. WORRELL, hereby registers strong objections to the rushed scheduling of this very important Evidentiary Hearing in contradiction to the Federal Rules of Evidence ( FRE ) 902 (11) ; and ( FRE ) 803 (6) , in conjunction with the corresponding Bankruptcy Rules , including the local rules, and the specifics articulated in the Court's order for February, 16, 2022, and Amended Orders of February, 17,2022, for authentication of Documentary Evidence laying out an evidentiary foundation to meet a burden of proof.

1. The rules mandate that to avoid ambush and to respect due process, all parties must be given sufficient time to examine, and scrutinize the proffers made by an adverse party.

2. Additionally, parties must be allowed adequate time to properly prepare for a Hearing.

3. Failure to comply with the rules will render the proffers inadmissible.

4. In this case, the documents and records being proffered by New Rez Mortgage Servicing, LLC. and their local foreclosure attorneys also the same local foreclosure

- 1 -

attorneys for Ditech Financial LLC. were not delivered to the Debtor until Wednesday, 23rd, February, 2022, (via UPS – Next Day Air).

Here, the courts seem willing to overlook several defects and conflicts, rendering the contradictory, mutually exclusive, false claims filled in this case, legally untenable.

Defect/ Conflict # 1 :

Here, alleged servicer entities, namely New Rez Mortgage Servicing LLC, and Ditech Financial, LLC. supposedly are now, and always were, represented by the same counsel******Except prior to January,1,2021, when the law firm had a name change from Robertson, Anschutz, Schneid, PL.to Robertson, Anschutz, Schneid, Crane & Partners, PLLC. Prior to the name change they were represented by the same law firm but under their previous name of Robertson, Anschutz, Schneid, P.L.

Defect/ Conflict # 2 :

These parties each have knowingly lied to, and have continually deceived the courts. And have also falsely claim and have even repeatedly falsely advertised- as recently as November,2021 - that Ditech Financial, LLC. is the correct entity or person holding a " Secure Claim " against See Debtor's Evidence Composite Exhibit – A, SHOWING FALSE CLAIM that Ditech Financial. LLC. is the secure creditor. Moreover,New Rez Mortgage Servicing and Ditech Financial, LLC. are both being allowed [ by the court(s) ] to assert false claims entirely without any justification for wrongfully and maliciously presenting and prosecuting such false claims.

Additionally, for the issues now before the court for proving up validity and extent of claims against the Chapter 13 Debtor, even after knowingly filing false Proofs of Claim (POC) documents in this court claiming falsely that New Re z Mortgage Servicing, LLC., who is a separate entity from Ditech Financial, LLC., is the rightful servicer and the rightful " Secure Creditor " in the Debtor's prior Chapter 13 case 20-11803, entirely without justification or even a scintilla of evidentiary support. They continually proceed, fraudulently. See Debtor's Evidence Composite Exhibit-B, showing false claims knowingly filed by New Rez Mortgage Servicing, LLC on April 21, 2020, without any legitimate servicing actions for almost two years, until November 2021. Thus, illegally permitting a different entity, namely Ditech Financial, LLC, to assert its own false claims against the Debtor.

Defect / Conflict #3:

Even after filing its false proofs of claim in this Court on April 21, 2020, New Rez Mortgage Servicing, LLC., entirely and repeatedly failed to properly seek any payment from the Debtor or otherwise attempt to satisfy ordinary conditions precedent. It instead quietly returned to lurking in the shadows solely to facilitate having a different false entity wrongly prosecute (and persecute) the Debtor, who is now legally entitle to relief under title 11, and other governing laws.

Moreover, a party who simply sits on a claim it alleges against any Debtor, especial a "Servicer" who refuses to service, is barred legally from suddenly appearing in Court and

asserting any well perfected claims. Due in part to its inexcusable failure to reasonably pursue its claims before coming to court.

Defect / Conflict #4:

Additionally, these parties are barred by both the doctrines of clean hands and judicial estoppel from seeking relief from this Court. Otherwise, the Court must accurately determine whether they lied in prior court precedings by claiming that Ditech Financial LLC is the "Secured Creditor", or these claiming that New Rez Mortgage Servicing, LLC., was somehow properly assigned mortgage servicing rights long after Ditech Financial, LLC., claims that it had already accelerated, foreclosed, and terminated those rights. [Debtor hereby serves Judicial notice of said contrary foreclosure court pleadings by Ditech Financial LLC and New Rez Mortgage Servicing, LLC]. These co-conspirators are therefore legally barred - both by the Judicial estoppel and Clean Hands doctrines, from continuing to assert false claims against the Debtor. Furthermore, Debtor is entitled to title 11 relief against them, including punitive damages justly warranted to dissuade future false creditors from knowingly filing false claims.

Finally, according to the local Rules in this district, and pertinent regulations, before appearing before the Court and filing papers in any case, the attorneys for a represented party must swear an oath. Otherwise, it might be difficult to hold them accountable for deceptive, false, or perjurous acts and statements made to mislead the Courts. Which

certainly appears to be the case here -- all without appropriate sanctions to discourage such future misconduct. Therefore, perversely incentivizing such misconduct.

Dated / signed: Thursday ,24th ,February, 2022.

Signed: _____
SAMUEL F. WORRELL PLAINTIFF-DEBTOR, pro se.
7420 N.W. 41 COURT., LAUDERHILL, FLORIDA 33319