

**ORDERED in the Southern District of Florida on February 28, 2022.**

Peter D. Russin, Judge
United States Bankruptcy Court

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

_____

IN RE:                                                        CASE NO.: 21-20622-PDR
                                                                                 CHAPTER 13

**Samuel Fitzgerald Worrell,**

        **Debtor.**
_____/

### ORDER SETTING REQUIREMENTS FOR EVIDENTIARY HEARING AND ESTABLISHING RELATED DEADLINES

**THIS MATTER** came before the Court on February 25, 2022 upon the Secured Creditor's Objection to Confirmation (ECF 20), Secured Creditor's Motion For Prospective In-Rem Relief From Automatic Stay For A Period Of Two Years (ECF 26), the Secured Creditor's Response to Objection to Claim of NewRez LLC d/b/a Shellpoint Mortgage Servicing (ECF 36), related Response (ECF #30) filed by Debtor Samuel Fitzgerald and Pro Se Debtor's Renewed Objections to Short-Fused Rushed Scheduling of Evidentiary Hearing before Debtor is Served, Can Parole its Evidence, or Ready to Prove its Case re: (41 Order Setting Hearing, 42 Order Setting Hearing) (ECF 47) (the "Motions"). The Court heard the arguments of the Parties and, Accordingly, the Court ORDERS as follows:

      1. Pro Se Debtor's Renewed Objections to Short-Fused Rushed Scheduling of Evidentiary Hearing before Debtor is Served, Can Parole its Evidence, or Ready to Prove its Case re: (41 Order Setting Hearing, 42 Order Setting Hearing) (ECF 47) is **Granted in part.**

2. **EVIDENTIARY HEARING; SERVICE**. The Court will hold an evidentiary hearing on the Motions on **March 15, 2022 at 10:00 a.m.** before the Honorable Peter D. Russin. The Court has reserved two (2) hours for this matter. The Movant shall serve a copy of this order on all appropriate parties and file a certificate of service thereof as required by this Court's local rules.

The hearing will be held remotely using the services of Zoom Video Communications, Inc. ("Zoom") which permits remote participation by video or by telephone. To participate in the hearing remotely via Zoom (whether by video or by telephone), you must register in advance no later than 4:00 p.m., one business day before the date of the hearing. To register, click the link below or manually enter the link in a browser:

https://www.zoomgov.com/meeting/register/JItcOqurD4qHUbwAimENeAkZ7QUKGhcZ7k

Zoom will provide a password-protected link for the appropriate video conference to those who register to participate and who have been approved by the Court.

All participants (whether attending in person or remotely) must observe the formalities of the courtroom, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court. This includes appropriate courtroom attire for those participants appearing in person or by video.

3. **PUBLIC ACCESS**. The evidentiary hearing scheduled by this order is a public matter. Although usually the public may only attend a live hearing, because the number of persons in the courtroom continues to be limited, the general public is invited to listen to the hearing by telephone. Any person wishing to listen to the hearing by telephone may register using the Zoom link and mark "listen only" on the registration page.

4. **RECORDING PROHIBITED; OFFICIAL RECORD.** No person may record the proceedings from any location by any means. The audio recording created and maintained by the Court shall be the sole basis for creation of a transcript that constitutes the official record of the evidentiary hearing.

5. **MEDIATION.** Pursuant to Local Rule 9019-2, the Court may order the assignment of this contested matter to mediation or judicial settlement conference at any time, upon the request of a party or sua sponte.

6. **DISCOVERY.** Should either party wish to obtain leave to conduct further discovery, an expedited motion must be filed no later than **March 8, 2022**. The Court will only grant if good cause is shown.

7. **WITNESS LISTS.** All parties must exchange and file with the Court witness lists no later than **March 8, 2022 at 4:00 p.m.**, identifying all fact and expert witnesses

each party intends to call at the evidentiary hearing (other than rebuttal or impeachment witnesses).

8. **SUBMISSION AND EXCHANGE OF EXHIBITS.** All parties must submit and exchange all exhibits no later than **March 8, 2022 by 4:00 p.m.,** pursuant to the requirements of Local Rule 9070-1, which requires all parties to upload exhibits through CM/ECF, with some exceptions where any party is not represented by counsel. Additionally, all exhibits must submit via email and overnight delivery.

If any party intends to offer in evidence at the evidentiary hearing a summary, chart or calculation to prove content as permitted by Federal Rule of Evidence 1006, that party must provide to the other parties a notice of the location(s) of the books, records, and the like, from which each summary has been made, and the reasonable times when they may be inspected and copied by adverse parties. More voluminous documents may require earlier notice of intent to use a summary.

9. **OBJECTIONS TO EXHIBITS.** All objections will be heard at hearing set on **March 15, 2022, at 10:00 a.m.**

10. **REMOTE WITNESS TESTIMONY**. The Court has found that good cause under Federal Rule of Civil Procedure 43(a) (made applicable by Federal Rule of Bankruptcy Procedure 9017), has been shown for remote testimony for witnesses.

11. **RESPONSIBILITY FOR REMOTE WITNESSES**. The party sponsoring each remote witness shall be responsible for ensuring that the remote witness has registered for the video conference, has obtained all exhibits prior to the hearing, has registered with Zoom, and has equipment and internet service sufficient to permit participation in the evidentiary hearing.

12. **DIRECT TESTIMONY BY DECLARATION**. At each party's option, except in a contested matter where a party is self-represented, the direct testimony of any witness, except an adverse, hostile, or rebuttal witness, may be presented by sworn declaration consisting of a succinct written statement of the direct testimony that the witness would be prepared to give if questions were propounded in the usual fashion at the hearing. If a party offers a sworn declaration in lieu of direct testimony:

    A. The statement shall substantially conform to Local Form 63B and shall be signed by the declarant under penalty of perjury;

    B. Each statement of fact shall be separate, shall be sequentially numbered, and shall contain only facts that are relevant and material to the contested issue before the Court, avoiding redundancies, hearsay, and other obviously objectionable statements;

    C. The statement may be referenced as the witness' "sworn declaration of fact";

   D. The original sworn declaration of fact shall be marked as a proposed exhibit and filed and delivered as otherwise required by this Order;

   E. Objections to any portion of a sworn declaration of fact may be raised at the time the sworn declaration of fact is offered to the Court. The witness shall then be sworn in and asked if the sworn declaration of fact correctly reflects the testimony that would be given if the witness was asked the appropriate questions. Opposing counsel may then cross-examine the witness. At the conclusion of cross-examination, the party whose witness is on the stand may conduct redirect examination in the usual manner; and

   F. The Court may require that direct testimony be provided in the usual manner during the hearing even if a sworn declaration of fact is offered.

  13. **CONDUCT DURING EVIDENTIARY HEARING.** Other than the attorneys questioning a witness on direct examination or cross-examination, no person shall communicate with a witness during his or her testimony unless specifically authorized by the Court.

  14. **FINAL ARGUMENT**. At the conclusion of the evidentiary hearing, in lieu of final argument, the Court may request that each party file with the Court (a) a written closing statement with supporting legal argument or (b) a proposed memorandum opinion with findings of fact and conclusions of law with a separate proposed final judgment. Each submission must contain individually numbered paragraphs and follow the formatting requirements set forth in Part Two of the Court's Guidelines for Preparing, Submitting, and Serving Orders. Each proposed finding of fact must be supported by a citation to the record, or it will be disregarded. Each proposed conclusion of law must be supported by a citation to applicable law, or it will be disregarded. Absent prior permission of the Court, submissions may not exceed a total of **twenty pages.** If specifically requested, the Court may also direct the parties to submit a copy of the proposed memorandum opinion with findings of fact and conclusions of law, along with a copy of the separate proposed final judgment, in word processing format to an electronic mailbox designated by the Court. The filer must include in the "subject" line of the email the case name and number and the date of the relevant hearing.

  15. **SETTLEMENT**. If the contested matter is settled, the parties shall submit to the Court a stipulation approved by all parties and a motion for approval of the same prior to the date of the evidentiary hearing. If a stipulation and motion are not submitted to the Court, all parties shall be prepared to proceed with the evidentiary hearing. If the contested matter is removed from the calendar based upon the announcement of a settlement, the contested matter will not be reset for hearing if the parties fail to consummate the settlement. In such event, the Court will consider only a motion to enforce the settlement, unless the sole reason the settlement is not consummated is that

the Court did not approve the settlement, in which case the matter will be reset for hearing at a later date.

      16.    **SANCTIONS**. Failure to appear at the evidentiary hearing or to comply with any provision of this order may result in appropriate sanctions, including the award of attorney's fees, striking of papers, exclusion of exhibits or witnesses, or the granting or denial of the Motion.

      17.    **CONTINUANCES**. Continuances of the evidentiary hearing or any deadlines set forth in this order must be requested by written motion. Any request for continuance or amendment to this order must set forth the status of discovery, including exchange of disclosures required under this order, must state the reasons why the party or parties seek a continuance, and must state whether the client and other parties consent to a continuance. The stipulation of all parties is not sufficient grounds, standing alone, for a continuance.

###

Copy to: Samuel Fitzgerald Worrell, *Pro Se*