**<u>Exhibit Cover Sheet</u>**

**Party submitting: <u>NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING</u> Ex.#**
**<u>1</u>**

**Admitted: Yes or No (circle one)**

**Debtor:  <u>Samuel Fitzgerald Worrell</u>**

**Case No.:  21-20622-PDR**

**Nature of Hearing**

**Docket No:  [DE-26]**

**<u>Secured Creditor's Motion for Relief from Stay</u>**

**United States Bankruptcy Court**

**Southern District of Florida**

**Dated _____ , 2022.**

**By:_____, Deputy Clerk**

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION

IN RE:                                                             CASE NO.: 21-20622-PDR
**SAMUEL FITZGERALD WORRELL,**                          CHAPTER 13

Debtor.

_____/

## MOTION FOR PROSPECTIVE IN-REM RELIEF FROM AUTOMATIC STAY FOR A PERIOD OF TWO YEARS

**COMES NOW**, NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING ("Secured Creditor"), by and through undersigned counsel, and hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for a modification of the automatic stay provisions for cause with prospective *in rem* relief as applied to the subject property for a period of two years, and, in support thereof, states the following:

1. Debtor, Samuel Fitzgerald Worrell ("Debtor"), filed a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code on November 5, 2021.

2. Secured Creditor holds a security interest in the Debtor's real property located at 7420 NW 41st CT., Lauderhill, FL 33319.

3. Upon belief and information that the Property is Debtor's primary residence.

4. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

5. Secured Creditor hereby waives the requirements of 11 U.S.C. § 362(e). The automatic stay of any act against property of the estate under § 362(a) shall continue until this Court orders or the stay is otherwise terminated by operation of law.

## MORTGAGE BACKGROUND AND PROCEDURAL HISTORY

6. On January 23, 2006, Samuel H Worrell and Donna L Worrell (the "Borrowers")

executed and delivered an Adjustable Rate Note ("Note") and an Adjustable Rate Home Mortgage ("Mortgage") securing payment of the Note with a principal amount of $337,500.00. The Mortgage was recorded on February 2, 2006 in Book 41390 at Page 825 -842 in the Public Records of Broward County, Florida. The loan was transferred to Secured Creditor.

7.      Secured Creditor filed a foreclosure complaint against the Debtor on February 2, 2016 in the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Case Number: CACE-16-001954, due to the default under the terms of the Note and Mortgage on the property securing Secured Creditor's interest in certain real property legally described as:

Lot 6, Block 1, of BOULEVARD NORTH according to the Plat thereof recorded in Plat Book 92, Page 18 of the Public Records of BROWARD County, Florida.

This property is located at the street address of: 7420 NW 41ST CT., Lauderhill, FL 33319. A copy of the foreclosure docket is attached hereto as Exhibit "A."

8.      On February 22, 2018, Secured Creditor obtained a Final Judgment of Foreclosure in the amount of $508,318.62. A copy of the Final Judgment is attached hereto as Exhibit "B." The Final Judgment remains unpaid.

9.      The foreclosure sale date was initially set for June 21, 2018.

**BANKRUPTCY PETITION NO. 1 – BK CASE 18-19013-JKO**

10.      On July 26, 2018, Debtor filed his first Chapter 13 bankruptcy petition, Case Number 18-19013-JKO.

11.      The bankruptcy was ultimately dismissed on April 24, 2019 (DE# 38) for failure to make plan payments

**BANKRUPTCY PETITION NO. 2 – BK CASE 19-21221-JKO**

12.      On August 22, 2019, Debtor filed his second Chapter 13 Bankruptcy Petition, Case No. 19-21221-JKO.

13.     Again, the case was ultimately dismissed on October 25, 2019 (DE# 20) due to the failure to make plan payments.

## BANKRUPTCY PETITION NO. 3 – BK CASE 20-11803-PGH

14.     On February 11, 2020, again the Debtor filed his third Chapter 13 Bankruptcy Petition Case No. 20-11803-PGH.

15.     The Debtor was subsequently dismissed on April 27, 2020 for failure to make plan payments (ECF #22).

## REQUEST FOR PROSPECTIVE RELIEF FROM THE AUTOMATIC STAY

16.     Secured Creditor requests that the Court grant it prospective in rem relief from the automatic stay pursuant to 362(d)(1) of the Bankruptcy Code for a period of at least two (2) years so that no stay can be imposed as to the subject property by any future bankruptcy filing by any person or entity.   Secured Creditor submits that the aforementioned described bad faith shown by the Debtor along with other heirs of the borrower were done solely for the purpose of using the bankruptcy stay provisions to delay the foreclosure sale of the Subject Property and constitute grounds for prospective in rem relief.

17.     Secured Creditor submits that it is entitled to prospective relief from the automatic stay for cause, to wit, the lengthy history of bankruptcy filings and filing of the instant bankruptcy petition, which filings evidence a lack of good faith.  *See In re Waldron,* 785 F.2d 936, 941 (11th Cir. 1986) ("whenever a Chapter 13 petition appears to be tainted by a questionable purpose, it is incumbent upon the bankruptcy courts to examine and question the Debtor's motives").

18.     The Bankruptcy Code does not define good faith nor is there an explicit requirement that petitions be filed in good faith; yet, bankruptcy courts have repeatedly lifted the automatic stay and dismissed cases as bad faith filings.  The inference that good faith

is required in order for Debtors to continue to enjoy the exceptional relief afforded

by the automatic stay and the other provisions of the Code upholds the integrity of

the bankruptcy courts:

> Every bankruptcy statute since 1898 has incorporated literally, or by judicial interpretation, a standard of good faith for the commencement, prosecution, and confirmation of bankruptcy proceedings.  Such a standard furthers the balancing process between the interest of Debtors and creditors which characterizes so many provisions of the bankruptcy laws and is necessary to legitimize the delay and costs imposed upon parties to a bankruptcy.  Requirement of good faith prevents abuse of the bankruptcy process by Debtors whose overriding motive is to delay creditors without benefitting them in any way or to achieve reprehensible purposes.  Moreover, a good faith standard protects the jurisdictional integrity of the bankruptcy courts by rendering their most powerful equitable weapons (i.e., avoidance of liens, discharge of debts, marshaling and turnover of assets) available only to those Debtors and creditors with "clean hands."

*In re Little Creek Dev. Co.*, 779 F.2d 1068, 1071-72 (5th Cir. 1986) (citations omitted). *See also In re Waldron*, 785 F.2d 936 (11th Cir. 1986).

19.    Thus, a debtor has a duty to act without an intent merely to delay or hinder his

creditors both in the filing of the case and the filing of the plan.

20.    All of the Circuit Courts have embraced a "totality of the circumstances" approach

to analyzing good faith, which involves consideration of a number of factors related

to the contents of a Debtor's plan <u>as well as conduct of the Debtor</u>, following the

Eighth Circuit's lead in *In re Estus*, 695 F.2d 311 (8th Cir. 1982), and the Eleventh

Circuit's later analysis in *In re Kitchens*, 702 F.2d 885 (11th Cir. 1983).

21.    Secured Creditor respectfully suggests Debtor's actions are indicative of the

intention to delay and hinder Secured Creditor without benefit.  These actions are in

contravention of the Bankruptcy Code's good faith provision, which serves to

prevent the bankruptcy forum from becoming a revolving door for Debtor who,

without any real ability or serious intention of abiding by the duties imposed by Title 11, seek only to delay just process.

22. It is clear from the history of the Mortgage account that the Debtor and his relatives either do not have the ability or do not intend to make payments to Secured Creditor.

23. Secured Creditor's security interest in the subject property is being significantly jeopardized by the Debtor(s)' failure to comply with the terms of the subject loan documents while Secured Creditor is prohibited from pursuing lawful remedies to protect such interest. Secured Creditor has no protection against the erosion of its collateral position and no other form of adequate protection is provided.

24. Secured Creditor respectfully requests this Court grant it prospective *in rem* relief from the Automatic Stay in this case pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Secured Creditor for its interest in the above stated collateral. The value of the collateral is insufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to the Secured Creditor. Secured Creditor additionally seeks relief from the Automatic Stay pursuant to §362(d)(2) of the Bankruptcy Code, as the collateral is unnecessary to an effective reorganization of the Debtor's assets.

25. Once the stay is terminated, the Debtor will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

26. Secured Creditor has incurred court costs and attorney's fees in this proceeding and will incur additional fees, costs and expenses in foreclosing the Mortgage and in preserving and protecting the property, all of which additional sums are secured by the lien of the mortgage. Secured Creditor seeks an award of its reasonable

attorneys' fees and costs, or alternatively, leave to seek recovery of its reasonable attorneys' fees and costs in any pending or subsequent foreclosure proceeding.

**WHEREFORE**, Secured Creditor prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) for a period of two (2) years to permit Secured Creditor to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, and to any such further relief as this Honorable Court deems just and appropriate.

Respectfully Submitted,

ROBERTSON, ANSCHUTZ, SCHNEID, CRANE
& PARTNERS, PLLC
Attorney for Secured Creditor
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
Telephone: 561-241-6901
Facsimile: 561-997-6909

By: */s/April Harriott*
April Harriott, Esquire
FL Bar Number 37547
Email: aharriott@raslg.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 19, 2022, I caused to be electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, and a true and correct copy has been served via CM/ECF or United States Mail to the following parties:

Samuel Fitzgerald Worrell, PRO SE
7420 NW 41 Ct
Lauderhill, FL 33319

Robin R Weiner
POB 559007
Fort Lauderdale, FL 33355

Office of the US Trustee

51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130

ROBERTSON, ANSCHUTZ, SCHNEID, CRANE
& PARTNERS, PLLC
Attorney for Secured Creditor
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
Telephone: 561-241-6901
Facsimile: 561-997-6909

By: */s/April Harriott*
April Harriott, Esquire
FL Bar Number 37547
Email: aharriott@raslg.com

**Ditech Financial LLC Plaintiff vs. Samuel H Worrell, et al Defendant**

**Broward County Case Number:** CACE16001954
**State Reporting Number:** 062016CA001954AXXXCE
**Court Type:** Civil
**Case Type:** Real Prop Homestead Res Fore =/>$250,000
**Incident Date:** N/A
**Filing Date:** 02/02/2016
**Court Location:** Central Courthouse
**Case Status:** Reopened - CV
**Magistrate Id / Name:** N/A
**Judge ID / Name:** 11 Gundersen, Andrea Ruth

— Party(ies)                                                                Total: 3

| Party Type | Party Name | ❓ Address | ❓ Attorneys / Address ★ Denotes Lead Attorney |
|---|---|---|---|

| Party Type | Party Name | Address | Attorneys / Address ★ Denotes Lead Attorney |
|---|---|---|---|
| Plaintiff | **Ditech Financial LLC**<br><br>*Formerly Known As*<br>**Green Tree Servicing LLC** | | ★ Malley, Adam, ESQ.<br>Retained<br>Bar ID: 69867<br>ROBERTSON, ANSCHUTZ, SCHNEID, CRANE &<br>6409 Congress Ave., Suite 100<br>Boca Raton, FL 33487<br>**Status: Active** |
| | | | Motyka, Kristen<br>Retained<br>Bar ID: 91884<br>Robertson, Anschutz, Schneid, Crane & Partners, PLLC<br>6409 Congress Ave<br>Suite 100<br>Boca Raton, FL 33487<br>**Status: Active** |
| | | | Brown, Scott A<br>Retained<br>Bar ID: 88187<br>Robertson Anschutz Schneid Crane & Partners PLLC<br>6409 Congress Ave, Suite 100<br>Boca Raton, FL 33487<br>**Status: Active** |
| | | | Meisels, Jonathan<br>Retained<br>Bar ID: 29235<br>Robertson , Anschutz,Schneid ,Crane & Partners, PLLC<br>6409 Congress Avenue, Suite 100<br>Boca Raton, FL 33487<br>**Status: Active** |
| | | | Sparks, Susan<br>Retained<br>Bar ID: 33626<br>Robertson, Anschutz, Schneid, Crane & Partners, PLLC<br>6409 Congress Ave Ste 100<br>Boca Raton, FL 33487-2853<br>**Status: Active** |
| Defendant | **Worrell, Samuel H** | | ★ Pro Se<br>Retained<br><br>**Status: Active** |

| Party Type | Party Name | ❓ Address | ❓ Attorneys / Address<br>★ Denotes Lead Attorney |
|---|---|---|---|
| Defendant | **Worrell, Donna L**<br><br>*Also Known As*<br>**Gibson, Donna** | | ★ Pro Se<br>Retained<br><br>**Status: Active** |

## ➖ Disposition(s)

Total: 1

| Date | Statistical Closure(s) |
|---|---|
| 02/21/2018 | Disposed by Non-Jury Trial |

| Date | Disposition(s) | View | Page(s) |
|---|---|---|---|
| 02/21/2018 | **Final Judgment of Foreclosure**<br>   Comment (SALE DATE 6/21/18 )<br>Vol./Book 0 , Page 0, 4 pages<br>Instrument Number 114906573 | 📄 | 4 |

## ➖ Event(s) & Document(s)

Total: 118

| Date | Description | Additional Text | View | Pages |
|---|---|---|---|---|
| 10/12/2021 | **Notice of Hearing** | | 📄 | 3 |
| 10/05/2021 | **Motion to Strike** | DEFENDANTS' SAMUEL H. WORRELL AND DONNA L. WORRELL RESPONSE TO PLAINTIFF'S OPPOSITION OF MOTION AS MOOT<br>Party: *Plaintiff* Ditech Financial LLC | 📄 | 4 |
| 09/20/2021 | **Certificate of Service** | OF ORD SETTING/RESETTING FORECLOSURE SALE<br>Party: *Plaintiff* Ditech Financial LLC | 📄 | 4 |
| 09/14/2021 | **Order Rescheduling Foreclosure Sale** | | 📄 | 2 |
| 09/13/2021 | **Response** | TO PLAINTIFF'S OPPOSITION OF MOTION<br>Party: *Defendant* Worrell, Samuel H<br>*Defendant* Worrell, Donna L | 📄 | 3 |

| Date | Description | Additional Text | View | Pages |
|------|-------------|-----------------|------|-------|
| 09/07/2021 | **Response to Motion** | IN OPPOSITION TO PRO SE DEFENDANTS' TO DISMISS<br>Party: *Plaintiff* Ditech Financial LLC | 📄 | 4 |
| 08/31/2021 | **Motion to Cancel & Reschedule Foreclosure Sale** | Party: *Defendant* Worrell, Samuel H<br>*Defendant* Worrell, Donna L | 📄 | 2 |
| 08/24/2021 | **Notice of Hearing** | | 📄 | 3 |
| 08/23/2021 | **Motion to Reschedule Foreclosure Sale** | Party: *Plaintiff* Ditech Financial LLC | 📄 | 5 |
| 08/23/2021 | **Notice of Filing** | ORDER OF DISMISSAL OF BANKRUPTCY<br>Party: *Plaintiff* Ditech Financial LLC | 📄 | 4 |
| 02/04/2021 | **Notice of Firm Name Change** | Party: *Plaintiff* Ditech Financial LLC | 📄 | 2 |
| 02/11/2020 | **Suggestion of Bankruptcy** | SBA# 20-11803-PGH<br>Party: *Defendant* Worrell, Samuel H | 📄 | 1 |
| 02/11/2020 | **Order Approving Assignment of Bid** | assigned to Federal National Mortgage Association | 📄 | 2 |
| 02/06/2020 | **Assignment of Bid** | Party: *Plaintiff* Ditech Financial LLC | 📄 | 2 |
| 02/06/2020 | **Motion** | For Assignment of Credit Bid<br>Party: *Plaintiff* Ditech Financial LLC | 📄 | 3 |
| 01/24/2020 | **Proof of Publication** | February 12, 2020 | 📄 | 2 |
| 01/16/2020 | **Certificate of Service** | OF COPY OF ORDER ON PLAINTIFF'S MOTION TO RESCHEDULE FORECLOSURE SALE<br>Party: *Plaintiff* Ditech Financial LLC | 📄 | 4 |
| 01/09/2020 | **Notice of Sale - Issued by Attorney** | 10:00 AM, on February 12, 2020 | 📄 | 3 |
| 01/06/2020 | **Order Rescheduling Foreclosure Sale** | February 12, 2020 | 📄 | 2 |
| 12/09/2019 | **Notice of Hearing** | | 📄 | 3 |
| 12/06/2019 | **Notice of Filing** | ORDER OF DISMISSAL OF BANKRUPTCY<br>Party: *Plaintiff* Ditech Financial LLC | 📄 | 4 |
| 12/06/2019 | **Motion to Reschedule Foreclosure Sale** | Party: *Plaintiff* Ditech Financial LLC | 📄 | 4 |

| Date | Description | Additional Text | View | Pages |
|------|-------------|-----------------|------|-------|
| 08/22/2019 | **Suggestion of Bankruptcy** | SBA# 19-21221-JKO<br>Party: *Defendant* Worrell, Samuel H | 📄 | 2 |
| 08/22/2019 | **Proof of Publication** | | 📄 | 2 |
| 07/29/2019 | **Electronic Sale Fee Paid** | Payor: TERI J GEVINSON ; Userid: CTS-fg/t ; Receipt: 20191FA1A102768;<br>;<br><br>Amount: $70.00 | | |
| 07/26/2019 | **Notice of Sale - Issued by Attorney** | sale date set for August 27, 2019 | 📄 | 3 |
| 06/24/2019 | **Order Rescheduling Foreclosure Sale** | NEW SALE DATE: 08/27/19 | 📄 | 2 |
| 06/24/2019 | **Order Granting Motion to Withdraw** | | 📄 | 1 |
| 05/30/2019 | **Notice of Hearing** | | 📄 | 3 |
| 05/30/2019 | **Cross Notice** | Of Hearing-6/24/2019 1:30pm #15160 | 📄 | 1 |
| 05/22/2019 | **Motion to Withdraw** | C. Anthony Rumore, P.A<br>Party: *Defendant* Worrell, Samuel H<br>*Defendant* Worrell, Donna L | 📄 | 2 |
| 05/21/2019 | **Motion to Reset Sale Date** | PLAINTIFF'S MOTION TO RESCHEDULE FORECLOSURE SALE<br>Party: *Plaintiff* Ditech Financial LLC | 📄 | 4 |
| 05/21/2019 | **Notice of Filing** | NOTICE OF FILING ORDER OF DISMISSAL OF BANKRUPTCY - SAMUEL H. WORRELL<br>Party: *Plaintiff* Ditech Financial LLC | 📄 | 4 |
| 05/21/2019 | **Re-open Fee** | Payor: MITCH GEVINSON ; Userid: CTS-fg/t ; Receipt: 20191FA1A071606;<br>;<br><br>Amount: $50.00 | | |
| 07/31/2018 | **Order Approving Assignment of Bid** | to Federal National Mortgage Association | 📄 | 2 |
| 07/27/2018 | **Bid Sheet** | | 📄 | 1 |
| 07/26/2018 | **Foreclosure Sale Fee** | Payor: DAVID SCHNEID ; Userid: CTS- ; Receipt: 20181RA1A003238;<br>;<br><br>Amount: $70.00 | | |

| Date | Description | Additional Text | View | Pages |
|---|---|---|---|---|
| 07/26/2018 | **Suggestion of Bankruptcy** | SBA #18-19013-JKO I/N/O Samuel H. Worrell | ▤ | 2 |
| 07/26/2018 | **Motion** | Party: *Plaintiff* Ditech Financial LLC | ▤ | 3 |
| 07/25/2018 | **Order Cancelling Foreclosure Sale** | Denied | ▤ | 1 |
| 07/25/2018 | **Assignment of Bid** | | ▤ | 2 |
| 07/25/2018 | **Re-open Fee** | Payor: ANTHONY RUMORE, P.A. ; Userid: CTS-fg/t ; Receipt: 20181FA1A100466; ; Amount: $50.00 | | |
| 07/24/2018 | **Motion to Cancel & Reschedule Foreclosure Sale** | Party: *Defendant* Worrell, Samuel H *Defendant* Worrell, Donna L | ▤ | 1 |
| 07/23/2018 | **Affidavit of Proof of Publication** | | ▤ | 2 |
| 07/23/2018 | **Proof of Publication** | July 26, 2018 | ▤ | 2 |
| 07/23/2018 | **Notice of Hearing** | | ▤ | 1 |
| 07/11/2018 | **Notice of Sale - Issued by Attorney** | July 26, 2018 | ▤ | 3 |
| 07/11/2018 | **Electronic Sale Fee Paid** | Payor: M GEVINSON ; Userid: CTS-fg/t ; Receipt: 20181FA1A094135; ; Amount: $60.00 | | |
| 06/27/2018 | **Certificate of Service** | OF ORDER ON PLAINTIFF'S MOTION Party: *Plaintiff* Ditech Financial LLC | ▤ | 4 |
| 06/25/2018 | **Order Approving Assignment of Bid** | | ▤ | 2 |
| 06/22/2018 | **Re-open Fee** | Payor: MITCH GEVINSON ; Userid: CTS-fg/t ; Receipt: 20181FA1A084624; ; Amount: $50.00 | | |
| 06/21/2018 | **Order Cancelling Foreclosure Sale** | granted reset 7-26-2018 | ▤ | 1 |

| Date | Description | Additional Text | View | Pages |
|------|-------------|-----------------|------|-------|
| 06/21/2018 | **Foreclosure Sale Fee** | Payor: DAVID SCHNEID ; Userid: CTS- ; Receipt: 20181RA1A002702; ; <br><br>Amount: $70.00 | | |
| 06/20/2018 | **Assignment of Bid** | | 📄 | 2 |
| 06/20/2018 | **Motion** | for Assignment of Credit Bid<br>Party: *Plaintiff* Ditech Financial LLC | 📄 | 6 |
| 06/20/2018 | **Re-open Fee** | Payor: ANTHONY RUMORE, P.A. ; Userid: CTS-fg/t ; Receipt: 20181FA1A083048; ; <br><br>Amount: $50.00 | | |
| 06/19/2018 | **Notice of Hearing** | 6/21/18 | 📄 | 1 |
| 06/19/2018 | **Motion to Cancel & Reschedule Foreclosure Sale** | Party: *Defendant* Worrell, Samuel H<br>*Defendant* Worrell, Donna L | 📄 | 1 |
| 06/14/2018 | **Proof of Publication** | June 21, 2018 | 📄 | 2 |
| 06/01/2018 | **Electronic Sale Fee Paid** | Payor: JONATHAN IAN MEISELS ; Userid: CTS-fg/t ; Receipt: 20181FA1A073590; ; <br><br>Amount: $60.00 | | |
| 05/31/2018 | **Notice of Sale - Issued by Attorney** | June 21, 2018 | 📄 | 3 |
| 02/27/2018 | **Comment:** | FILE CREATED FOR ORGINAL DOCS | | |
| 02/21/2018 | **Notice of Filing** | Original Note Original Mortgage<br>Party: *Plaintiff* Ditech Financial LLC | 📄 | 25 |
| 02/21/2018 | **Final Disposition Form** | | 📄 | 1 |
| 02/21/2018 | **Notice of Confidential Information Within Court Filing** | Original Note, Original Mortgage. Location: Loan #'s, Etc. | 📄 | 1 |
| 02/12/2018 | **Notice of Filing** | | 📄 | 4 |
| 02/05/2018 | **Amended Witness List** | | 📄 | 3 |
| 11/03/2017 | **Notice of Filing Designation of Emailing Addresses** | Party: *Defendant* Worrell, Samuel H<br>*Defendant* Worrell, Donna L | 📄 | 1 |

| Date | Description | Additional Text | View | Pages |
|------|-------------|-----------------|------|-------|
| 08/07/2017 | **Witness & Exhibit List** | | 📄 | 8 |
| 08/07/2017 | **Certificate of Service** | CERTIFICATE OF SERVICE OF THE ORDER SETTING NON-JURY TRIAL<br>Party: *Plaintiff* Ditech Financial LLC | 📄 | 5 |
| 08/01/2017 | **Order Setting** | NON-JURY FORECLOSURE TRIAL AND PRETRIAL PROCEDURES 2/21/18 @ 9:00 AM RM 4150 | 📄 | 2 |
| 07/31/2017 | **Ord Setting Non-Jury Trial** | 02-21-2018 | 📄 | 3 |
| 07/21/2017 | **Notice** | OF READINESS FOR TRIAL<br>Party: *Plaintiff* Ditech Financial LLC | 📄 | 2 |
| 06/26/2017 | **Certificate of Service** | Party: *Plaintiff* Ditech Financial LLC | 📄 | 4 |
| 06/12/2017 | **Order Setting Case Management Conference** | 07-31-2017 | 📄 | 2 |
| 06/12/2017 | **Order Setting Case Management Conference** | RM 14160 07-31-2017 1:30 PM | 📄 | 1 |
| 05/05/2017 | **Certificate of Service** | CERTIFICATE OF SERVICE OF ORDER SETTING CASE MANAGEMENT CONFERENCE<br>Party: *Plaintiff* Ditech Financial LLC | 📄 | 4 |
| 04/25/2017 | **Order Setting Case Management Conference** | 06-12-2017 | 📄 | 2 |
| 04/25/2017 | **Order Setting Case Management Conference** | 06/12/17 1:30 PM RM 14160 | 📄 | 1 |
| 03/20/2017 | **Certificate of Service** | CERTIFICATE OF SERVICE OF ORDER SETTING CASE MANAGEMENT CONFERENCE<br>Party: *Plaintiff* Ditech Financial LLC | 📄 | 4 |
| 03/07/2017 | **Order Setting Case Management Conference** | 04-25-2017 | 📄 | 2 |
| 03/07/2017 | **Order Setting Case Management Conference** | 04-25-2017 1:30PM RM-519 | 📄 | 1 |
| 03/02/2017 | **Certificate of Service** | copy of Order Setting Case Management Conference<br>Party: *Plaintiff* Ditech Financial LLC | 📄 | 4 |
| 01/18/2017 | **Order Setting Case Management Conference** | 03-07-2017 | 📄 | 2 |
| 01/18/2017 | **Order Setting Case Management Conference** | RM 519 03-07-2017 1:30 PM | 📄 | 1 |
| 12/22/2016 | **Certificate of Service** | Party: *Plaintiff* Ditech Financial LLC | 📄 | 4 |

| Date | Description | Additional Text | View | Pages |
|------|-------------|-----------------|------|-------|
| 11/29/2016 | **Order Setting Case Management Conference** | rm 519 01-18-2017 1:30 PM | | 2 |
| 11/29/2016 | **Order Setting Case Management Conference** | 01-18-2017 @ 1:30 PM RM 519 | | 1 |
| 10/04/2016 | **Certificate of Service** | OF SERVICE OF ORDER UPON PLAINTIFF'S MOTION TO STRIKE DEFENDANTS, SAMUEL H. WORRELL AND DONNA L. WO RELL AFFIRMATIVE DEFENSES<br>Party: *Plaintiff* Ditech Financial LLC | | 2 |
| 09/30/2016 | **Certificate of Service** | OF ORDER SETTING CASE MANAGEMENT CONFERENCE<br>Party: *Plaintiff* Ditech Financial LLC | | 4 |
| 09/28/2016 | **Order Setting Case Management Conference** | 11-29-2016 1:30 PM RM 519 | | 2 |
| 09/28/2016 | **Order Granting Motion to Strike** | AFFIRMATIVE DEFENSES | | 2 |
| 09/28/2016 | **Order Setting Case Management Conference** | | | 1 |
| 09/06/2016 | **Notice of Hearing** | | | 3 |
| 08/09/2016 | **Motion to Strike** | AFFIRMATIVE DEFENSES | | 14 |
| 08/04/2016 | **Answer & Affirmative Defenses** | SAMUEL H. WORRELL and DONNA L. WORRELL | | 6 |
| 07/19/2016 | **Notice of Cancellation** | | | 2 |
| 07/18/2016 | **Certificate of Service** | AGREED ORDER DENYING DEFENDANTS MOTION TO DISMISS COMPLAINT<br>Party: *Plaintiff* Ditech Financial LLC | | 3 |
| 07/14/2016 | **Agreed Order** | DENYING DEFENDANTS' MOTION TO DISMISS COMPLAINT, DEFTS SHALL FILE ANSWER W/IN (20) DAYS | | 1 |
| 06/17/2016 | **Notice of Hearing** | 7-27-16 AT 1:30 PM ROOM 519<br>Party: *Plaintiff* Ditech Financial LLC | | 5 |
| 05/10/2016 | **Motion to Dismiss** | SAMUEL H. WORRELL and DONNA L. WORRELL | | 2 |
| 05/10/2016 | **Motion for Default** | Party: *Plaintiff* Ditech Financial LLC | | 4 |
| 05/10/2016 | **Non-Military Affidavit** | | | 2 |

| Date | Description | Additional Text | View | Pages |
|------|-------------|-----------------|------|-------|
| 04/19/2016 | **Agreed Order** | ON MOTION FOR EXTENSION OF TIME/GRANTED. DEFTS ADDITIONAL 20 DAYS. | 📄 | 1 |
| 04/05/2016 | **Notice of Appearance** | Party: *Defendant* Worrell, Samuel H *Defendant* Worrell, Donna L | 📄 | 1 |
| 04/05/2016 | **Motion for Enlargement of Time** | TO FILE RESPONSE Party: *Defendant* Worrell, Samuel H *Defendant* Worrell, Donna L | 📄 | 1 |
| 03/21/2016 | **Summons Returned Served** | 16th day of March, 2016 Party: *Defendant* Worrell, Samuel H | 📄 | 2 |
| 03/21/2016 | **Summons Returned Served** | 16th day of March, 2016 A/K/A DONNA GIBSON Party: *Defendant* Worrell, Donna L | 📄 | 2 |
| 02/06/2016 | **Filing Fee Paid** | Payor: JONATHAN IAN MEISELS ; Userid: CTS-fg/t ; Receipt: 20161FA1A013448; ; Amount: $1,906.00 | | |
| 02/06/2016 | **Summons Issued Fee** | Payor: JONATHAN IAN MEISELS ; Userid: CTS-fg/t ; Receipt: 20161FA1A013448; ; Amount: $10.00 | | |
| 02/06/2016 | **Summons Issued Fee** | Payor: JONATHAN IAN MEISELS ; Userid: CTS-fg/t ; Receipt: 20161FA1A013448; ; Amount: $10.00 | | |
| 02/02/2016 | **Civil Cover Sheet** | | 📄 | 2 |
| 02/02/2016 | **Value Claim Form** | of Real Property or Mortgage Foreclosure | 📄 | 1 |
| 02/02/2016 | **Notice of Lis Pendens** | | 📄 | 2 |
| 02/02/2016 | **Notice** | of Submitting Fla.Stat.702.015(4) Certification | 📄 | 6 |
| 02/02/2016 | **Complaint (eFiled)** | For Foreclosure of Mortgage/Verified Party: *Plaintiff* Ditech Financial LLC | 📄 | 35 |
| 02/02/2016 | **eSummons Issuance** | A/K/A Donna Gibson Party: *Defendant* Worrell, Donna L | 📄 | 3 |

| Date | Description | Additional Text | View | Pages |
|------|-------------|-----------------|------|-------|
| 02/02/2016 | **eSummons Issuance** | Party: *Defendant* Worrell, Samuel H | 📄 | 3 |

## − Hearing(s)

Total: 4

| Date | Description | Additional Text |
|------|-------------|-----------------|
| 02/12/2020 | **Foreclosure Sale** | *CANCELED  Suggestion of Bankruptcy*<br>Hearing Time: 10:00 AM<br>Judicial Officer(s):Not Applicable, ,<br>Location: On-line @ www.broward.realforeclose.com |
| 08/27/2019 | **Foreclosure Sale** | *CANCELED  Suggestion of Bankruptcy*<br>Hearing Time: 10:00 AM<br>Judicial Officer(s):Not Applicable, ,<br>Location: On-line @ www.broward.realforeclose.com |
| 07/26/2018 | **Foreclosure Sale** | *CANCELED  Suggestion of Bankruptcy*<br>Hearing Time: 10:00 AM<br>Judicial Officer(s):Not Applicable, ,<br>Location: On-line @ www.broward.realforeclose.com |
| 06/21/2018 | **Foreclosure Sale** | *CANCELED  Per Order*<br>Hearing Time: 10:00 AM<br>Judicial Officer(s):Not Applicable, ,<br>Location: On-line @ www.broward.realforeclose.com |

## − Related Case(s)

Total: 0

**There is no related case information available for this case.**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

IN RE:                                                          CASE NO.: 21-20622-PDR
**SAMUEL FITZGERALD WORRELL,**                                  CHAPTER 13

Debtor.

_____/

## MOTION FOR PROSPECTIVE IN-REM RELIEF FROM AUTOMATIC STAY FOR A PERIOD OF TWO YEARS

    **COMES NOW**, NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING ("Secured Creditor"), by and through undersigned counsel, and hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for a modification of the automatic stay provisions for cause with prospective *in rem* relief as applied to the subject property for a period of two years, and, in support thereof, states the following:

1. Debtor, Samuel Fitzgerald Worrell ("Debtor"), filed a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code on November 5, 2021.

2. Secured Creditor holds a security interest in the Debtor's real property located at 7420 NW 41st CT., Lauderhill, FL 33319.

3. Upon belief and information that the Property is Debtor's primary residence.

4. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

5. Secured Creditor hereby waives the requirements of 11 U.S.C. § 362(e). The automatic stay of any act against property of the estate under § 362(a) shall continue until this Court orders or the stay is otherwise terminated by operation of law.

## MORTGAGE BACKGROUND AND PROCEDURAL HISTORY

6. On January 23, 2006, Samuel H Worrell and Donna L Worrell (the "Borrowers")

executed and delivered an Adjustable Rate Note ("Note") and an Adjustable Rate Home Mortgage ("Mortgage") securing payment of the Note with a principal amount of $337,500.00. The Mortgage was recorded on February 2, 2006 in Book 41390 at Page 825 -842 in the Public Records of Broward County, Florida. The loan was transferred to Secured Creditor.

7.     Secured Creditor filed a foreclosure complaint against the Debtor on February 2, 2016 in the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Case Number: CACE-16-001954, due to the default under the terms of the Note and Mortgage on the property securing Secured Creditor's interest in certain real property legally described as:

```
Lot  6,  Block  1,  of  BOULEVARD NORTH  according to  the  Plat  thereof
recorded  in  Plat  Book  92,  Page 18 of  the  Public Records of  BROWARD
County,  Florida.
```

This property is located at the street address of: 7420 NW 41ST CT., Lauderhill, FL 33319. A copy of the foreclosure docket is attached hereto as Exhibit "A."

8.     On February 22, 2018, Secured Creditor obtained a Final Judgment of Foreclosure in the amount of $508,318.62. A copy of the Final Judgment is attached hereto as Exhibit "B." The Final Judgment remains unpaid.

9.     The foreclosure sale date was initially set for June 21, 2018.

## BANKRUPTCY PETITION NO. 1 – BK CASE 18-19013-JKO

10.     On July 26, 2018, Debtor filed his first Chapter 13 bankruptcy petition, Case Number 18-19013-JKO.

11.     The bankruptcy was ultimately dismissed on April 24, 2019 (DE# 38) for failure to make plan payments

## BANKRUPTCY PETITION NO. 2 – BK CASE 19-21221-JKO

12.     On August 22, 2019, Debtor filed his second Chapter 13 Bankruptcy Petition, Case No. 19-21221-JKO.

13. Again, the case was ultimately dismissed on October 25, 2019 (DE# 20) due to the failure to make plan payments.

## BANKRUPTCY PETITION NO. 3 – BK CASE 20-11803-PGH

14. On February 11, 2020, again the Debtor filed his third Chapter 13 Bankruptcy Petition Case No. 20-11803-PGH.

15. The Debtor was subsequently dismissed on April 27, 2020 for failure to make plan payments (ECF #22).

## REQUEST FOR PROSPECTIVE RELIEF FROM THE AUTOMATIC STAY

16. Secured Creditor requests that the Court grant it prospective in rem relief from the automatic stay pursuant to 362(d)(1) of the Bankruptcy Code for a period of at least two (2) years so that no stay can be imposed as to the subject property by any future bankruptcy filing by any person or entity. Secured Creditor submits that the aforementioned described bad faith shown by the Debtor along with other heirs of the borrower were done solely for the purpose of using the bankruptcy stay provisions to delay the foreclosure sale of the Subject Property and constitute grounds for prospective in rem relief.

17. Secured Creditor submits that it is entitled to prospective relief from the automatic stay for cause, to wit, the lengthy history of bankruptcy filings and filing of the instant bankruptcy petition, which filings evidence a lack of good faith. *See In re Waldron,* 785 F.2d 936, 941 (11th Cir. 1986) ("whenever a Chapter 13 petition appears to be tainted by a questionable purpose, it is incumbent upon the bankruptcy courts to examine and question the Debtor's motives").

18. The Bankruptcy Code does not define good faith nor is there an explicit requirement that petitions be filed in good faith; yet, bankruptcy courts have repeatedly lifted the automatic stay and dismissed cases as bad faith filings. The inference that good faith

is required in order for Debtors to continue to enjoy the exceptional relief afforded

by the automatic stay and the other provisions of the Code upholds the integrity of

the bankruptcy courts:

> Every bankruptcy statute since 1898 has incorporated literally, or by judicial interpretation, a standard of good faith for the commencement, prosecution, and confirmation of bankruptcy proceedings. Such a standard furthers the balancing process between the interest of Debtors and creditors which characterizes so many provisions of the bankruptcy laws and is necessary to legitimize the delay and costs imposed upon parties to a bankruptcy. Requirement of good faith prevents abuse of the bankruptcy process by Debtors whose overriding motive is to delay creditors without benefitting them in any way or to achieve reprehensible purposes. Moreover, a good faith standard protects the jurisdictional integrity of the bankruptcy courts by rendering their most powerful equitable weapons (i.e., avoidance of liens, discharge of debts, marshaling and turnover of assets) available only to those Debtors and creditors with "clean hands."

*In re Little Creek Dev. Co.*, 779 F.2d 1068, 1071-72 (5th Cir. 1986) (citations omitted). *See also In re Waldron*, 785 F.2d 936 (11th Cir. 1986).

19.   Thus, a debtor has a duty to act without an intent merely to delay or hinder his

creditors both in the filing of the case and the filing of the plan.

20.   All of the Circuit Courts have embraced a "totality of the circumstances" approach

to analyzing good faith, which involves consideration of a number of factors related

to the contents of a Debtor's plan <u>as well as conduct of the Debtor</u>, following the

Eighth Circuit's lead in *In re Estus*, 695 F.2d 311 (8th Cir. 1982), and the Eleventh

Circuit's later analysis in *In re Kitchens*, 702 F.2d 885 (11th Cir. 1983).

21.   Secured Creditor respectfully suggests Debtor's actions are indicative of the

intention to delay and hinder Secured Creditor without benefit. These actions are in

contravention of the Bankruptcy Code's good faith provision, which serves to

prevent the bankruptcy forum from becoming a revolving door for Debtor who,

without any real ability or serious intention of abiding by the duties imposed by Title

11, seek only to delay just process.

22. It is clear from the history of the Mortgage account that the Debtor and his relatives

either do not have the ability or do not intend to make payments to Secured Creditor.

23. Secured Creditor's security interest in the subject property is being significantly

jeopardized by the Debtor(s)' failure to comply with the terms of the subject loan

documents while Secured Creditor is prohibited from pursuing lawful remedies to

protect such interest.  Secured Creditor has no protection against the erosion of its

collateral position and no other form of adequate protection is provided.

24. Secured Creditor respectfully requests this Court grant it prospective *in rem* relief

from the Automatic Stay in this case pursuant to §362(d)(1) of the Bankruptcy Code,

for cause, namely the lack of adequate protection to Secured Creditor for its interest

in the above stated collateral.  The value of the collateral is insufficient in and of

itself to provide adequate protection which the Bankruptcy Code requires to be

provided to the Secured Creditor. Secured Creditor additionally seeks relief from the

Automatic Stay pursuant to §362(d)(2) of the Bankruptcy Code, as the collateral is

unnecessary to an effective reorganization of the Debtor's assets.

25. Once the stay is terminated, the Debtor will have minimal motivation to insure,

preserve, or protect the collateral; therefore, Secured Creditor requests that the Court

waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

26. Secured Creditor has incurred court costs and attorney's fees in this proceeding and

will incur additional fees, costs and expenses in foreclosing the Mortgage and in

preserving and protecting the property, all of which additional sums are secured by

the lien of the mortgage.  Secured Creditor seeks an award of its reasonable

attorneys' fees and costs, or alternatively, leave to seek recovery of its reasonable attorneys' fees and costs in any pending or subsequent foreclosure proceeding.

**WHEREFORE**, Secured Creditor prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) for a period of two (2) years to permit Secured Creditor to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, and to any such further relief as this Honorable Court deems just and appropriate.

Respectfully Submitted,

ROBERTSON, ANSCHUTZ, SCHNEID, CRANE
& PARTNERS, PLLC
Attorney for Secured Creditor
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
Telephone: 561-241-6901
Facsimile: 561-997-6909

By: */s/April Harriott*
April Harriott, Esquire
FL Bar Number 37547
Email: aharriott@raslg.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 19, 2022, I caused to be electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, and a true and correct copy has been served via CM/ECF or United States Mail to the following parties:

Samuel Fitzgerald Worrell, PRO SE
7420 NW 41 Ct
Lauderhill, FL 33319

Robin R Weiner
POB 559007
Fort Lauderdale, FL 33355

Office of the US Trustee

51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130

ROBERTSON, ANSCHUTZ, SCHNEID, CRANE
& PARTNERS, PLLC
Attorney for Secured Creditor
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
Telephone: 561-241-6901
Facsimile: 561-997-6909

By: */s/April Harriott*
April Harriott, Esquire
FL Bar Number 37547
Email: aharriott@raslg.com